| RUTH PHILLIPS, | Case No. 5:19-cv-01423-EJD |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| FORD MOTOR COMPANY; HILLTOP FORD KIA; and DOES 1-10, inclusive | Re: Dkt. No. 12 |
| Defendants. | |

Plaintiff Ruth Phillips filed suit in the Superior Court of California, County of Santa Clara, against Defendants Ford Motor Company ("Ford") and Defendant Michael C. Stead, Inc. d/b/a Hilltop Ford ("Hilltop")[1] for alleged violations of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code §§ 1790 *et seq.* Dkt. No. 1-1. These claims stem from alleged defects in a 2014 Ford Escape that Plaintiff purchased from Hilltop, a Ford dealership, in 2013. *See* Compl. ¶¶ 8; 10-11. Defendants removed this action to federal court based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. Notice at 1. For the reasons below, the court GRANTS Plaintiff's Motion to Remand this action to the Superior Court of California, County of Santa Clara.

I. **BACKGROUND**

On or about November 5, 2013, Plaintiff purchased a 2014 Ford Escape ("Vehicle") from

---

[1] Plaintiff erroneously sued Michael C. Stead, Inc. d/b/a/ Hilltop Ford as Hilltop Ford Kia. Notice of Removal ("Notice") (Dkt. No. 1) at 1.

United States District Court
Northern District of California

Hilltop Ford. Compl. ¶ 8. Plaintiff received an express written warranty which included: (a) a 3-year/36,000 mile express bumper to bumper warranty; (b) a 5-year/60,000 mile powertrain warranty that covers the engine and transmission; and (c) a 10-year/150,000 mile warranty extension that covers the anti-lock brake (ABS) system. *Id.* ¶ 9. The express written warranty "provided, in relevant part, that in the event a defect developed with the Subject Vehicle during the warranty period, Plaintiff could deliver the vehicle for repair services to Defendant's [Ford's] representative and the Subject Vehicle would be repaired." *Id.*

Plaintiff's Vehicle "contained or developed" many defects during the warranty period that "substantially impair[ed] the use, value, or safety of the Vehicle." *Id.* ¶ 10. Plaintiff alleges:

> During the warranty period, the Vehicle contained or developed defects, including but not limited to, defects relating to the engine; defects requiring performance of Recall 17S09, relating to the coolant sensor system; defects causing storage of diagnostic trouble code (DTC) P26B7; defects causing the coolant bottle to leak; defects causing failure and/or replacement of the coolant bottle; defects causing failure and /or replacement of the coolant bypass valve; defects requiring installation of a coolant level sensor system; defects requiring performance of Recall 14S04; defects requiring reprogramming of the restraint control module (RCM); defects relating to the door latches; defects requiring performance of service message 14S03; defects requiring performance of Recall 16S30; defects causing failure and/or requiring replacement of the door latches; and/or any other defects described in the Vehicle's repair history.

*Id.* Defendant Ford and its representatives in California allegedly "have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities." *Id.* ¶ 11.

On February 5, 2019, Plaintiff filed suit in the Superior Court of California, County of Santa Clara, against Defendants for alleged violations of the Song-Beverly Act, Cal. Civ. Code §§ 1790 *et seq.* Dkt. No. 1-1. Ford and Hilltop both allegedly breached the implied warranty of merchantability under Cal. Civ. Code Sections 1791.1, 1794, and 1795.5. Compl. ¶¶ 29-33. And Ford allegedly committed fraud by omission; breach of express written warranty under Cal. Civ. Code Sections 1791.2(a) and 1794; and multiple other violations of Sections 1793.2(a)(3), 1793.2(b), and 1793.2(d). *Id.* ¶¶ 8-28, 34-48. Plaintiff seeks actual damages, restitution, a civil

Case No.: 5:19-cv-01423-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
2

penalty that is two times the amount of Plaintiff's actual damages under Cal. Civ. Code Sections 1794(c) or 1794(e); consequential and incidental damages; cost of the suit and reasonable attorney's fees under Cal. Civ. Code Section 1794(d); punitive damages; prejudgment interest; and any other relief the court finds appropriate. *Id.* ¶ 48.

On March 18, 2019, Defendants filed a Notice of Removal of Plaintiff's state-court action under 28 U.S.C. Sections 1332, 1441, and 1446 based on diversity jurisdiction. Dkt. No. 1. Defendants argue that Plaintiff is a California citizen who has fraudulently joined Hilltop, another California citizen, to destroy diversity with Ford, a citizen of Michigan and Delaware. Notice ¶¶ 32, 34. Defendants claim: "The joinder of Hilltop is fraudulent because the Complaint does not and cannot state a cause of action against Hilltop. Accordingly, Ford believes . . . that Hilltop was named in the Complaint only to defeat diversity and thus prevent removal to this Court." *Id.* ¶¶ 31-32 (citation omitted). On April 18, 2019, Plaintiff filed a Motion to Remand the case to the Superior Court of California, County of Santa Clara, claiming that removal was not proper. Pl.'s Mot. (Dkt. No. 12-1) at 2.

## II. LEGAL STANDARDS

Title 28 U.S.C. § 1441(a) provides that a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions where the parties have diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). However, "[d]iversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

A plaintiff may challenge removal by filing a motion to remand the case to state court. 28 U.S.C. § 1447(c). The removing party, however, "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).

Case No.: 5:19-cv-01423-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
3

Generally, "removal statutes are strictly construed against removal." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citation omitted); *Gaus*, 980 F.2d at 566). "[A]ny doubt" concerning the propriety of removal "is resolved against removability." *Luther*, 533 F.3d at 1034 (citing *Gaus*, 980 F.2d at 566). A district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

### III. DISCUSSION

Because Defendants do not show that removal was proper, the court remands this action to the Superior Court of California, County of Santa Clara. Defendants do not establish that diversity jurisdiction exists on the basis of fraudulent joinder.

"Diversity removal requires complete diversity." *Grancare*, 889 F.3d at 548 (citing *Caterpillar*, 519 U.S. at 68). But, "[i]f a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity." *United Comp. Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)) (internal quotations omitted). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against finding fraudulent joinder.'" *Grancare,* 889 F.3d at 548 (citation and alteration omitted). A defendant pursuing removal based on diversity "is entitled to present the facts" demonstrating fraudulent joinder. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (citation omitted).

A defendant can demonstrate fraudulent joinder in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare,* 889 F.3d at 548 (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)) (internal quotations omitted). Defendants Ford and Hilltop seek to establish fraudulent joinder in the second way. Notice ¶ 19. A defendant can demonstrate fraudulent joinder in the second way by "show[ing] that an individual joined in the

Case No.: 5:19-cv-01423-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
4

action cannot be liable on any theory." *Grancare*, 889 F.3d at 548 (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)) (alteration and internal quotations omitted). A district court must remand an action to state court if "there is a *possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Grancare*, 889 F.3d at 548 (citation and internal quotations omitted) (original emphasis).

Plaintiff brings one cause of action against Hilltop for breach of implied warranty of merchantability in violation of the Song-Beverly Act under Cal. Civ. Code Sections 1791.1, 1794, and 1795.5. Compl. ¶¶ 29-33. Defendants contend that Plaintiff cannot "establish a valid" implied warranty claim against Hilltop because it is barred by the statute of limitations. Notice ¶ 30. The statute of limitations for Plaintiff's breach of implied warranty of merchantability claim is four years from the date of the Vehicle's delivery. *See* Cal. Com. Code § 2725; *see also Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297, 1306 (2009) ("[A] cause of action for breach of warranty accrues, at the earliest, upon tender of delivery."). Here, Plaintiff filed suit against Defendants in state court over five years after purchasing the Vehicle. Dkt. No. 1-1; Compl. ¶ 8.

But, Plaintiff contends that she can bring a claim for breach of implied warranty of merchantability because "multiple, independent state law tolling doctrines have tolled [her] implied warranty claim against Hilltop Ford, including the delayed discovery rule and warranty extension doctrine." Pl.'s Mot. at 8. Therefore, according to Plaintiff, Defendants have not met their burden of demonstrating that Hilltop is a fraudulently joined defendant. *Id.* at 12.

The court finds Plaintiff's reasoning persuasive. Many courts have found that it is possible for a plaintiff to bring a claim for breach of implied warranty of merchantability based on tolling theories. *See Beck v. Ford Motor Co.*, 2019 WL 2415251, at *3 (N.D. Cal. June 9, 2019) ("However, as Plaintiff points out and numerous courts have recognized, it is not impossible for Plaintiff to state a viable implied warranty claim against [defendant] because tolling may apply."); *Klawiter v. Ford Motor Co.*, 2019 WL 2484321, at *2 (N.D. Cal. June 14, 2019) ("As is well documented in cases that Ford has attempted to remove in the past, the question before me is not whether Ford's statute of limitations arguments or . . . [plaintiffs'] tolling arguments will

Case No.: 5:19-cv-01423-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
5

United States District Court
Northern District of California

ultimately be successful. Instead, I must decide whether it is clear at this stage that the [plaintiffs] have no chance of pressing forward with their claims against [defendant]. Ford has not met its burden to make that showing.") (footnote omitted); *Chipley v. Ford Motor Co.*, 2018 WL 1965029, at *3 (N.D. Cal. April 26, 2018); *Philips v. Ford Motor Co.*, 2016 WL 1745948, at *15 (N.D. Cal. May 3, 2016); *Less v. Ford Motor Co.*, 2018 WL 4444509, at *3 (S.D. Cal. Sept. 18, 2018); *Cavale v. Ford Motor Co.*, 2018 WL 3811727, at *3 (E.D. Cal. Aug. 9, 2018); *Jimenez v. Ford Motor Co.*, 2018 WL 2734848, at *2 (C.D. Cal. June 5, 2018). Defendants fail to establish that Hilltop "cannot be liable on any theory." *See Grancare*, 889 F.3d at 548 (quoting *Ritchey*, 139 F.3d at 1318 (9th Cir. 1998)) (internal quotations omitted). Therefore, Defendants do not meet their "heavy burden" of establishing fraudulent joinder. *See Grancare*, 889 F.3d at 548 (citations omitted).

Defendants argue in the alternative that the court should exercise its discretion under Federal Rule of Civil Procedure 21 to drop Hilltop as a party. Notice ¶¶ 33-34. The court declines to do so. Fed. R. Civ. P. 21 provides that a court may drop a party or any claims against a party "[o]n motion or on its own . . . at any time." Fed. R. Civ. P. 21. "Rule 21 grants a federal district or appellate court the discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19." *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). Because Plaintiff's breach of implied warranty claim concerns "the same alleged defects in that [same] vehicle," the court will not drop Hilltop from this action. *See* Pl.'s Reply (Dkt. No. 14) at 1; *see also Heslop v. Ford Motor Co.*, 2019 WL 3026954, at *5 (N.D. Cal. July 11, 2019) ("The claim involves the same Vehicle and same defects as to both [d]efendants, such that judicial efficiency weighs against severing [d]efendant.").

The court therefore remands the action to the Superior Court of California, County of Santa Clara, because removal was not proper for lack of jurisdiction.

**IV. ORDER**

Plaintiff's motion to remand is GRANTED and the court orders the action REMANDED

Case No.: 5:19-cv-01423-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

6

to the Superior Court of California, County of Santa Clara.

**IT IS SO ORDERED.**

Dated: October 15, 2019

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-01423-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
7